HUELVA, PLAINTIFF AND APPELLEE, *v.* CLIVILLÉS ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Arecibo in an Action to
Annul Partition and Recover Inheritance.

No. 1424.—Decided July 20, 1916.

HEIRS—SUBSTITUTION OF HEIRS—SIMPLE SUBSTITUTION.—In this case the testator
designated as his heirs four natural children born, respectively, in the years
1900, 1901, 1906 and 1909, concluding with the following words: ''And I
nominate them substitutes mutually of each other.'' The child born in 1909
died in 1914, after the death of its father. The mother consequently claims
to be the sole heir of the child, while the three surviving children claim
the rights resulting from pupillary substitution. *Held:* That pursuant to
section 762 of the Revised Civil Code, when a testator substitutes simply
without expressing cases, said substitution should be understood to mean
that the substitute heir will inherit in case the designated heir should die
before the testator, or does not wish or cannot accept the inheritance.

ID.—WILL—INTERPRETATION OF WILL.—When in a will establishing rights or
obligations which have to be determined by the courts, words or phrases
are employed which are defined by statute, they must be construed accord-
ingly.

ID.—SUBSTITUTE HEIRS—WILL—INTESTATE HEIR.—In one of the clauses of the
will the testator directed that the heirs should not take possession of the
estate until they attained their majority, depriving their mother during their
minority of the right to administer any part of the estate other than their
legal portion of one-third. *Held:* That the said provision cannot be con-
strued to mean that it was also the intention of the testator that in case
of the death of any of his children after his decease and before they had
reached the age of fourteen years the mother should acquire only the cor-
responding legal rights, for no provision was made for such a case; that
the substitution under consideration being common and not pupillary, it
became null and void from the moment the deceased child survived its
father, the testator, and became one of his heirs; that this being the case,
when the child died its mother became its intestate heir, pursuant to section
910 of the Civil Code.

The facts are stated in the opinion.

*Mr. Antonio Suliveres* for the appellants.

*Mr. R. Agrait Aldea* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

This is an appeal by Attorney Antonio Suliveres as
defensor of the defendant minors José, Manuel and Julio
Juan Clivillés Huelva, and in representation of Francisco·

Gandía, also a defendant, from a judgment of the District Court of Arecibo of July 27, 1915, declaring Juana Huelva López to be the sole heir of her son, Enrique Alberto Clivillés, to all the property composing the inheritance of the latter upon the death of his father, José Clivillés Valencia, without special imposition of costs.

The plaintiff, Juana Huelva López, prays in the complaint that the partition of the estate of José Clivillés Valencia, as made by the partitioners, be adjudged null and void in so far as it prejudices and affects the lawful and hereditary rights of the plaintiff, who is the sole and universal heir of the child Enrique Clivillés Huelva, and that the said partition should be made by awarding to the plaintiff, as such heir, all the property belonging to her son as heir of José Clivillés Valencia.

From the allegations of the complaint and of the answer and from the evidence produced at the trial it appears—

1. That on May 28, 1914, José Clivillés Valencia executed in the city of Arecibo and before Notary Antonio Suliveres Rivera a closed will in which, after declaring that "he has no ascendants or legitimate descendants but has four natural children begotten with Juana Huelva y López named Julio Juan, who was born on April 12, 1906; Enrique Alberto, who was born on October 23, 1909; Manuel, who was born on December 31, 1901, and José, who was born on October 20, 1900, all of whom he acknowledged in the Civil Registry of Arecibo as his natural children," he designates his heirs in the following manner: "I designate and name my acknowledged natural children Julio Juan, Enrique Alberto, Manuel and José Clivillés as sole and universal heirs to the residue of all my property and property rights, and I nominate them substitutes mutually of each other." The said designation of heirs is affected by the following condition:

"As to all of the property and property rights left as an inheritance to my said natural children in excess of the amount of their

legal portions; that is, one-third of my estate at the time of my death, I impose the condition that the same be administered by Francisco Gandía, resident of Arecibo, and, failing him, by Nicolás Siragusa, or, in default of the latter, by the person whom the District Court of Arecibo may designate, and the rents and profits thereof, less 10 per cent to be deducted as compensation for the services and expenses of the administrator, shall be employed proportionately for the support and education of the said heirs until they may have obtained some profession, occupation, or trade. Such administration shall cease as to each heir upon his attaining his majority and shall continue as to the minors until they become of age. It is my decisive will that during the minority of my children and heirs the said property which is not included in the one-third or legal portion belonging to them shall not be administered by their mother, but by the administrators named by me, or, failing them, by the administrator whom the District Court of Arecibo may designate for that purpose."

2. That José Clivillés Valencia died on September 24, 1914, leaving the said will, which was protocoled in the office of Notary Antonio Suliveres by an order of the court of Arecibo of October 3, 1914.

3. That on November 1, 1914, Enrique Clivillés Huelva, one of the sons and heirs of José Clivillés Valencia, died.

4. That by an order of December 16, 1914, the District Court of Arecibo declared Juana Huelva López, the mother of the deceased Enrique Huelva, to be his sole and universal heir.

5. That on February 18, 1915, the partition of the estate of José Clivillés was made, the persons taking part therein being Andrés Gandía Córdova and Manuel Siragusa, the executors named by the testator in his will; Manuel Martínez Roselló and Francisco Marchese Correa, the partitioners also appointed by the testator; Antonio Suliveres Rivera, as defensor of the minors José, Manuel and Julio Juan Clivillés Huelva; Juana Huelva López, as heir of the deceased son, Enrique Alberto Clivillés Valencia; and Ramón Ramos Casellas and Adrián Padilla Mercado, as expert appraisers of the real and personal property. In the said par-

tition one-third of the estate of Clivillés was divided among his three surviving children and the plaintiff as mother of the deceased child, Enrique Clivillés, in equal parts, the remaining two-thirds being distributed among the three surviving children, Julio Juan, José and Manuel Clivillés Huelva, after deducting the amount of a legacy of one hundred dollars left by the testator.

6. That the said partition of the estate was made on the following basis or assumption:

"Inasmuch as the intention of the testator in designating his four acknowledged natural children as his heirs was that in case of the death of any of them the surviving children should inherit the dead's part, which provision he could not make as to the legitim, as is evidenced by the conditional clause following for the designation of heirs, in which he absolutely forbids any intervention by the mother of the said heirs in the administration of the property composing the dead's part, appointing for that purpose an administrator with special powers as well as a substitute, and even authorizing the district court, upon the failure of these, to appoint another administrator, all by virtue of the right given him by sections 763 and 653 of the Revised Civil Code, it is clear that the partition of the estate should be made in accordance with the will of the said testator— that is, by determining separately the amount and the reason for making the allotments to the surviving heirs and to their mother in regard to her other son who died."

7. That Juana Huelva López not only endorsed on the partition her disapproval of the same, but when it was presented to the District Court of Arecibo for its approval she contested it on the ground, among others not pertinent to the case, that although she was the sole heir of her son Enrique Clivillés, one of the heirs of the deceased José Clivillés, two-thirds of the estate of Enrique Clivillés had been allotted to his brothers.

8. That as the Arecibo court was of the opinion that the opposition of Juana Huelva López involved a question of substantive law which should be disposed of in the ordinary procedure of a declaratory action before any consideration

should be given to the proposed partition submitted, it entered an order on March 3, 1915, suspending action on the said partition and leaving it *in statu quo* until the question raised·by the opposing party should be decided in the proper action.

In consonance with the said order of March 3, 1915, Juana Huelva filed the complaint, which originated the present action.

The essential question in the present appeal turns upon the proper construction of the clause designating the heirs contained in the will· executed by José Clivillés Valencia, for while the plaintiff maintains that the said clause refers to the simple substitution mentioned in section 762 of the Revised Civil Code, the defendant contends that it refers to the pupillary substitution alluded to in section 763 of the same code.

The said sections read as follow:

"Section 762.—The testator may substitute one or more persons in the place of the heir or heirs designated in case they die before him or do not wish or cannot accept the inheritance.

"Simple substitution, without expressing cases, includes the three mentioned in the foregoing paragraph unless the testator has ordered otherwise.

"Section 763.—Parents and other ascendants may appoint substitutes for their descendants under fourteen years of age, of both sexes, in case they should die before said age."

Section 762 leaves no room for doubt. When the testator establishes a substitution without expressing a concrete case—that is, a simple substitution—the law provides that it shall be held to include the three cases mentioned in the first paragraph of said section, namely, (1) in case the designated heir should die before the death of the testator; (2) in case he does not wish to accept the inheritance; (3) in case he cannot accept it. Summarized, substitution without expressing cases should be understood to mean that the substitute heir will inherit in case the designated heir does not

become the heir, either because of his death before that of the testator or because he does not wish to accept, or cannot accept, the inheritance.

None of these conditions are present in this case, for Enrique Alberto Clivillés y Huelva, whose inheritance is involved, died after the death of the testator and it does not appear that he renounced or did not accept his inheritance. On the contrary, the plaintiff herself, the mother of the deceased Enrique, alleges in her complaint that her said son was in no way incapacitated to accept the inheritance from José Clivillés Valencia but accepted the same tacitly as one of his successors; and, as stated in the proposed partition of the estate of the deceased José Clivillés, in which the minor defendants took part represented by their defensor, it was admitted, and is therefore beyond dispute, that the minor Enrique became an heir of his father. So much is this so that the mother as the child's heir was allotted a third part of his estate and the other two-thirds were allotted to the surviving brothers.

There is no clause in the will of José Clivillés y Valencia which contradicts, modifies, or annuls the language of the testator in making the designation of heirs, and the significance of the said language is neither ambiguous nor doubtful.

But if any doubt had existed as to the class of substitution sought to be made by the testator and whether it was common or pupillary, that doubt was removed by the conclusive provision of the second paragraph of section 762 of the Civil Code to the effect that simple substitution, without expressing cases, includes the three mentioned in the preceding paragraph, unless the testator ordered otherwise, without providing that pupillary substitution should be included also when apt words were used therefor. When in a will creating rights and obligations which have to be determined by the courts, words or phrases are employed which are

defined by statute, they must be construed accordingly. Judgment of the Supreme Court of Spain of October 27, 1903. The meaning of substitution without expressing cases is defined by the code and therefore that expression admits of no other construction.

. José Clivillés Valencia did not make his children substitute heirs of one another in case of the death of any of them before reaching the age of fourteen years; and if we construe the clause of his will in which he designated his heirs in that sense, we should give it a meaning which its words do not carry.

In support of his contention the attorney for the appellants relies on the clause of the will of José Clivillés in which the testator directed that the heirs should not take possession of their inheritance until they attained their majority, prohibiting their mother during their minority from administering any part of the estate except their legal portion of one-third.

Such testamentary provision cannot be given the scope claimed for it by the appellants. The testator wished to deprive the mother of the administration of the property of his minor children not included in the legal portion of one-third; but we cannot admit as a consequence that it was also his intention that in case of the death of any of his children after his death and before they had reached the age of fourteen years the mother should acquire only the corresponding legitim rights. No provision was made for such an event.

Understanding as we do that the substitution in question is common and not pupillary, it follows that such substitution ceased and became inoperative when Enrique Clivillés survived his father, the testator, and became one of his heirs. This being the case, when Enrique Clivillés died his mother, plaintiff Juana Huelva, became his intestate heir, pursuant to section 910 of the Civil Code.

The defendants demurred to the complaint in the lower court on the ground that the facts did not constitute a cause of action for the annulment of the proposed partition of the property which had not yet been approved by the court and was governed by the Act relating to special legal proceedings. The same plea was made before this court.

As stated at the beginning, inasmuch as the lower court made no pronouncement regarding the said nullity and only adjudged Juana Huelva López to be the sole heir to all the property inherited by her son Enrique Alberto Clivillés, it is superfluous to consider that objection.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.